UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| AUCHENTOROLY ESTATES, LLC. | * | |
| 3000 Falls Road, 117 | | |
| Baltimore, Maryland 21211 | * | |
| | | |
| Plaintiff, | * | Case No.: 1:23-cv-00499-SAG |
| | | |
| v. | * | |
| | | |
| THE OHIO CASUALTY | * | |
| INSURANCE COMPANY | | |
| 175 Berkeley Street | * | |
| Mail Stop: Garlock 10-B | | |
| Boston, Massachusetts 02116 | * | |
| | | |
| And | * | |
| | | |
| LIBERTY MUTUAL INSURANCE | * | |
| 175 Berkeley Street | | |
| Boston, Massachusetts 02116 | * | |
| | | |
| Defendants. | * | |

*       *       *       *       *       *       *       *       *       *       *       *       *

**ANSWER TO COMPLAINT[1]**
**(Ohio Casualty Insurance Company)**

Defendant, Ohio Casualty Insurance Company ("Ohio Casualty"), through counsel, in

answer to Plaintiff's Complaint, denies liability to Plaintiff as alleged, and in response to the

specific allegations states as follows:

**Introduction**

1.      Paragraph 1 of the Complaint calls for a legal conclusion, and no response is

necessary.

---

[1] Ohio Casualty is simultaneously filing a Motion to Dismiss as to Count I of the Complaint seeking a declaratory judgment.

**Parties**

2.      Ohio Casualty admits the allegations contained in paragraph 1 of the Complaint.

3.      Ohio Casualty admits that, at all relevant times, it has been a corporation authorized to issue certain insurance policies in the State of Maryland, including Baltimore City. Ohio Casualty other denies the allegations contained in paragraph 2 of the Complaint.

4.      Ohio Casualty admits that Liberty Mutual Insurance Company is a corporation authorized to issue certain insurance policies in the State of Maryland, including Baltimore City. Ohio Casualty other denies the allegations contained in paragraph 4 of the Complaint.

5.      Ohio Casualty denies the allegations contained in paragraph 5 of the Complaint.

**Jurisdiction and Venue**

6.      Paragraph 6 of the Complaint calls for a legal conclusion, and no response is necessary.

7.      Paragraph 7 of the Complaint calls for a legal conclusion, and no response is necessary.

**Allegations**

8.      Allegations contained in Paragraph 8 of the Complaint are immaterial, and pled improperly. Ohio Casualty admits that the Property is a brick building located at 3400 Auchentoroly Terrace, in Baltimore City, and that the Property was recently renovated for use as apartments. Ohio Casualty lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations contained in Paragraph 8 of the Complaint.

9.      Ohio Casualty admit that the Property is located in a National Register Historic District. Ohio Casualty lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations contained in Paragraph 9 of the Complaint.

10.     Ohio Casualty admits that Plaintiff is the owner of the Property. Ohio Casualty lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations contained in Paragraph 10 of the Complaint.

11.     Ohio Casualty admits that it issued Policy No. BMO (19) 59 28 44 86 to Plaintiff, effective December 21, 2018, a copy of which is attached as Exhibit A ("the Policy"). Ohio Casualty denies the balance of the allegations contained in paragraph 11 of the Complaint.

12.     Ohio Casualty admits that the Policy was in effect on October 7, 2019. Ohio Casualty denies the balance of the allegations contained in paragraph 12 of the Complaint.

13.     A complete copy of the Policy is attached as Exhibit A. Ohio Casualty otherwise denies the allegations contained in paragraph 13 of the Complaint.

14.     Ohio Casualty admits that the Property was renovated for use as apartments, and that the remains of the garage/carriage house was to be rebuilt for use as a mechanical room for the apartments that would house gas lines, electrical equipment and meters. Ohio Casualty lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations contained in Paragraph 14 of the Complaint.

15.     Ohio Casualty admits that Plaintiff hired Bay Ready Mix of Maryland, LLC to pour concrete at the Property as part of Plaintiff's renovation project. Ohio Casualty lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations contained in Paragraph 15 of the Complaint.

16.     Ohio Casualty admits that on October 7, 2019, an agent or employee of Bay Ready Mix of Maryland, LLC negligently struck one of the remaining walls of the garage/carriage house with the concrete slide while operating a concrete mixing truck, and causing stress cracks in two of the other remaining walls. Ohio Casualty denies the balance of the allegations contained in

Paragraph 16 of the Complaint.

17.     Ohio Casualty admits that Plaintiff demolished the remains of the two walls of the garage/carriage that remained standing between October 10-25, 2019 because they were condemned. Ohio Casualty lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations contained in paragraph 17 of the Complaint.

18.     Ohio Casualty denies the allegations contained in paragraph 18 of the Complaint.

19.     Ohio Casualty denies the allegations contained in paragraph 19 of the Complaint.

20.     Ohio Casualty admits that the remaining walls of the garage/carriage house were damaged by the Collision. Ohio Casualty denies the balance of the allegations contained in paragraph 20 of the Complaint.

21.     Ohio Casualty admits that Plaintiff submitted a claim to Ohio Casualty, Claim No. 23748958, on October 31, 2019, but denies the balance of the allegations contained in paragraph 21 of the Complaint.

22.     Ohio Casualty admits that it paid Plaintiff $112,169.83 for building repairs on an actual cash value basis, after application of the $2,500.00 deductible. Ohio Casualty denies the balance of the allegations contained in paragraph 22 of the Complaint.

23.      By letters dated August 6, 2020 and September 23, 2022, Ohio Casualty explained its position regarding the coverage available. Exhibit B. Ohio Casualty denies balance of the allegations contained in paragraph 23 of the Complaint.

## Count I
### (Declaratory Judgment)

24.     Ohio Casualty adopts and incorporates by reference its responses to the allegations contained in paragraphs 1-23 of the Complaint.

25.     Ohio Casualty admits that it provided coverage to Plaintiff per the terms of the

Policy. Ohio Casualty otherwise denies the allegations contained in paragraph 25 of the Complaint.

26.     Ohio Casualty admits that Plaintiff presented a claim under the Policy, Claim No. 23748958, including claims for soft costs, extra expenses and rental income, but denies the balance of the allegations contained in paragraph 26 of the Complaint.

27.     Ohio Casualty admits that it paid Plaintiff $112,169.83 for building repairs on an actual cash value basis, after application of the $2,500.00 deductible. By letter dated September 23, 2022, Ohio Casualty explained its position regarding the coverage available. Exhibit B. *See also*, Affirmative Defenses, at ¶¶ 2-4. Ohio Casualty otherwise denies the allegations contained in paragraph 27 of the Complaint.

28.     By letter dated September 23, 2022, Ohio Casualty explained its position regarding the coverage available. Exhibit B. *See also*, Affirmative Defenses, at ¶¶ 2-4. Ohio Casualty otherwise denies the allegations contained in paragraph 28 of the Complaint.

29.     Ohio Casualty admits that Plaintiff disagrees with Ohio Casualty's coverage position. To the extent the balance of the allegations contained in paragraph 29 of the Complaint call for a legal conclusion, no response is necessary. *See also*, Defendants' Motion to Dismiss.

## Count II
### (Breach of Contract)

30.     Ohio Casualty adopts and incorporates by reference its responses to the Allegations contained in paragraphs 1-29 of the Complaint.

31.     Ohio Casualty admits that it issued the Policy. Ohio Casualty denies the balance of the allegations contained in paragraph 31 of the Complaint.

32.     Ohio Casualty admits that the Policy was in effect on October 7, 2019. Ohio Casualty denies the balance of the allegations contained in paragraph 32 of the Complaint.

33.     Ohio Casualty admits that the Policy was in effect on October 7, 2019. Ohio

Casualty denies the balance of the allegations contained in paragraph 33 of the Complaint.

34.     To the extent the allegations contained in paragraph 34 of the Complaint call for a

legal conclusion, no response is necessary. Ohio Casualty otherwise denies the allegations

contained in paragraph 34 of the Complaint.

35.     Ohio Casualty denies the allegations contained in paragraph 35 of the Complaint.

36.     By letter dated September 23, 2022, Ohio Casualty explained its position regarding

the coverage available. Exhibit B. *See also*, Affirmative Defenses, at ¶¶ 2-4. Ohio Casualty

otherwise denies the allegations contained in paragraph 36 of the Complaint.

37.     Ohio Casualty denies the allegations contained in paragraph 37 of the Complaint.

WHEREFORE, Defendant, Ohio Casualty Insurance Company, respectfully requests that this

Court enter judgment in its favor; award Defendant costs incurred in defending this action; and

grant such other and further relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Ohio Casualty has fulfilled its obligations to Plaintiff under the Policy for the cost

of repairing the damage to the Existing Building based on the payments made to date.

3.     Plaintiff seeks coverage for Property Not Covered:

> **3.  Excavations, Grading, Filling, Pipes, Flues, And Drains --**
> "We" do not cover:
> **a.**  the cost of excavations,  grading, or filling; and
> **b.**  underground pipes; flues; and drains.

Exhibit A, Form IM 7054 05 07, at pp. 1-2.

4.     Plaintiff's claim is subject to the following exclusions:

PERILS EXCLUDED

1. "We" do not pay for loss or damage caused directly or indirectly by one or more of the following excluded causes or events. Such loss or damage is excluded regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded causes or events.

*         *         *

c. **Civil Authority –** "We" do not pay for loss caused by order of any civil authority, including seizure, confiscation, destruction, or quarantine of property.

*         *         *

f. **Ordinance Or Law –** "We" do not pay for loss or increased cost caused by enforcement of any code, ordinance, or law regulating the use, construction, or repair of any building or structure; or requiring the demolition of any building or structure including the cost of removing its debris. "We" do not pay for loss regardless if the loss is caused by or results from the:

   1) enforcement of any code, ordinance, or law even if a building or structure has not been damaged; or

   2) increased costs that "you" incur because of "your" compliance with a code, ordinance, or law during the construction, repair, rehabilitation, remodeling, or razing of a building or structure, including the removal of debris, following a direct physical loss to the property.

*         *         *

2. "We" do not pay for loss or damage that is caused by or results from one or more of the following:

*         *         *

h. **Loss Of Use –** "We" do not pay for loss caused by or resulting from loss of use, delay, or loss of market.

*         *         *

**o. Temperature/Humidity** – "We" do not pay for loss caused by dryness, dampness, humidity, or changes in or extremes of temperature.

\* \* \*

## ADDITIONAL EXCLUSIONS

Other exclusions relating to Perils Excluded also apply. These exclusions are shown in the Builders' Risk Coverage form.

1. **Additional Time** – "We" do not pay for any increase in expense or loss resulting from additional time that would be required to replace or repair any part of a covered building or structure due to:

   a. adverse weather conditions;

   b. ordinances or laws requiring the use of construction materials or equipment that are different from the property that is destroyed (except as provided under Coverage Extensions);

   c. ordinances or laws requiring "you" to test, evaluate, observe, or record the existence, level, or effects of pollutants; or

   d. improvements necessary to correct deficiencies of original construction, erection, or fabrication.

   \* \* \*

2. **Consequential Loss** – "We" do not pay for any increase in expense or loss resulting from any other consequential loss.

   \* \* \*

6. **Unnecessary Expenses** – "We" do not cover any expenses that:

   a. are not necessary during construction of the covered building or structure; and
   b. exceed the amount by which a loss is reduced.

Exhibit A, Form IM 7054 05 07, at pp. 5-8; Form IM 709 04 04, at pp. 4-5.

5. Plaintiff has failed to comply with the following policy condition:

WHAT MUST BE DONE IN CASE OF LOSS

1. **Notice --** In case of a loss, "you" must:

   a. give "us" or "our" agent prompt notice including a description of the property involved ("we" may request written notice).

Exhibit A, Form IM 7054 05 07, at p. 9.

Respectfully Submitted,


s/ George E. Reede, Jr.
GEORGE E. REEDE, JR., ESQ. (Bar No. 08220)
JESSICA E. PORT, ESQ. (Bar No. 19728)
ZELLE, LLP
1775 Pennsylvania Ave, NW, Suite 375
Washington, DC, 20006
(202) 899-1400 phone
greede@zellelaw.com
jpak@zellelaw.com

*Counsel for Defendants*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of March 2023, copies of the foregoing Answer were electronically served on counsel in this matter pursuant to Fed. R. Civ. P. 5(a) and Local Rule 102(1)(c).


/s/ George E. Reede, Jr.
George E. Reede, Jr.