UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

AUCHENTOROLY ESTATES, LLC.         *

        Plaintiff,             *       Case No.: 1:23-cv-00499-SAG

v.                               *

THE OHIO CASUALTY INS. CO. et al.    *

        Defendants.          *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS**

Defendants, Ohio Casualty Insurance Company ("Ohio Casualty") and Liberty Mutual Insurance Company ("Liberty Mutual"), through counsel, in further support of their Motion to Dismiss, state as follows:

**I.     Statement of Facts**

Ohio Casualty Insurance Company ("Ohio Casualty") provided builder's risk coverage to Auchentoroly Estates, LLC ("Auchentoroly Estates"), per the terms of Policy No BM0592844861 ("Policy"), for the property located at 3400 Auchentoroly Terrace, Baltimore, MD ("Property"). Complaint at ¶¶ 2, 11; *see* Exhibit A to Answer, Policy No. BM0592844861.

On October 7, 2019, during the renovation project, the concrete slide of a concrete mixing truck struck one of the walls of a garage/carriage house that was being rebuilt for use as a utility room. As a result, Plaintiff submitted a claim under the Policy. Complaint at ¶¶ 16, 21.

Ohio Casualty paid $112,169.83 on an actual cash value basis for the necessary repairs. ¶ 27. Plaintiff disagreed with Ohio Casualty's evaluation and filed suit against Ohio Casualty

Insurance Company and Liberty Mutual Insurance Company on October 5, 2022, alleging breach of contract and seeking declaratory relief.

## II.      Standard of Review

"The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defense." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). To survive a motion to dismiss under FED. R. CIV. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007). A complaint need not provide "detailed factual allegations," but it must "provide the grounds of [the plaintiff's] entitlement to relief" with "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555. A motion under FED. R. CIV. P. 12(b)(6) should be granted if, after accepting all well-pleaded allegations in Plaintiff's complaint as true, and drawing all reasonable inferences therefrom in Plaintiff's favor, it appears that Plaintiff cannot prove any set of facts in support of Plaintiff's claim entitling Plaintiff to relief. *Edwards v. City of Goldsboro,* 178 F.3d 213, 244 (4th Cir. 1999).

## III.     Argument

### A.      Dismissal of Plaintiff's Claims Against Liberty Mutual Insurance Company Is Appropriate as only Ohio Casualty Insurance Company Issued the Policy.

Liberty Mutual Insurance Company is not a proper party to this lawsuit because it has no contractual relationship with Plaintiff. As clearly reflected in the Policy declarations, Ohio Casualty Insurance Company alone issued the relevant policy and is thus the only proper defendant

in Plaintiff's breach of contract action. Exhibit A to Answer, Policy No. BM0592844861, Declarations.

As this Court has recently observed, "[w]here an insurance contract unambiguously identifies the issuer of the policy, the court will not consider external indicia to divine the contract's meaning in that regard." *Deale Aquaculture Farm, Inc. v. Liberty Mut. Mid-Atl. Ins. Co.*, No. CV JKB-22-1181, 2022 WL 3545563, at *3 (D. Md. Aug. 18, 2022). In *Deale*, the insured argued that a policy that which identified "Ohio Security Insurance Company" as the issuing company was nonetheless ambiguous because it contained references to "Liberty Mutual" and Liberty Mutual's conduct "suggested the existence of a contractual relationship." *Id.* Judge Bredar rejected this argument and dismissed the insured's claims against Liberty Mutual. Because the policy "unambiguously identifie[d] Ohio Security as the issuing entity," other references to Liberty Mutual were "insufficient to create ambiguity as to the issuer of the policy." *Id.*

Here too, the Policy unambiguously identifies "Ohio Casualty Insurance Company" – and not "Liberty Mutual" – as the issuing company. Exhibit A to Answer, Policy No. BM0592844861, Declarations. Accordingly, as in *Deale,* Plaintiff's claims against Liberty Mutual fail as a matter of law and must be dismissed. *See also Kurland v. ACE Am. Ins. Co.*, No. CV JKB-15-2668, 2017 WL 354254, at *3 (D. Md. Jan. 23, 2017) ("a person cannot be held liable under a contract to which he was not a party.")

### B. Plaintiff's Declaratory Judgment Claim in Count I is Duplicative.

Plaintiff alleges two causes of action: breach of contract and declaratory judgment. Because both claims rely on identical facts, seek the same relief, and would achieve identical results, the declaratory judgment claim in Count I is duplicative and should be dismissed. "When declaratory relief would be duplicative of claims already alleged, dismissal is warranted." *Chevron*

*U.S.A. Inc. v. Apex Oil Co., Inc.*, 113 F. Supp. 3d 807, 824 (D. Md. 2015) (quoting *Sharma v. OneWest Bank, FSB*, Civil Action No. DKC 11-0834, 2011 WL 5167762, at *6 (D. Md. Oct. 28, 2011)); *see also Harte–Hanks Direct Mktg./ Balt., Inc. v. Varilease Tech. Fin. Grp., Inc.*, 299 F. Supp. 2d 505, 528 (D. Md. 2004).

In *John M. Floyd & Assocs., Inc. v. Howard Bank*, a plaintiff sought a declaration that the defendant "is in breach of the [parties'] agreement and owes monetary damage." CV RDB-18-2887, 2019 WL 1755968, at *4 (D. Md. Apr. 18, 2019). This Court dismissed the declaratory judgment claim as duplicative because it was "not seeking to establish anything that the breach of contract claim will not address." *Id.*; *see also Geist v. Hispanic Information & Telecommunications Network, Inc.,* No. PX-16-3630, 2018 WL 1169084, at *7 (D. Md. 2018) ("where the same conduct underlies claims for declaratory judgment and breach of contract, courts generally dismiss the declaratory judgment claim as duplicative in favor of the better or more effective remedy of the underlying litigation itself") (internal citations and quotations omitted); *Cf. Tate v. Am. Gen. Life Ins. Co.*, No. CV RDB-21-02726, 2022 WL 4225485, at *12 (D. Md. Sept. 13, 2022) (declaratory judgment action not duplicative because the plaintiff only sought clarification of obligations under the Policies, and "not to declare that [defendant] is presently in breach").

Here, Plaintiff's own allegations establish that the breach of contract and declaratory judgment claims rely on identical facts, seek equivalent relief, and would achieve identical results. For instance, Plaintiff alleges, as part of its claim for breach of contract, that Defendants "materially denied the portion(s) of Auchentoroly Estates claim for damages related to soft costs, extra expenses, and lost rental income, thereby materially breaching their Policy with Auchentoroly Estates" and demands over $75,000.00 in monetary damages. Complaint at ¶¶ 36-37. Likewise, in its claim for declaratory relief, Plaintiff contends that Defendants were

contractually obligated to pay Plaintiff's claim in full, and seeks a declaration that "Defendants are required to pay those portions of Plaintiff's claim for damages related to soft costs, extra expenses, and rental income, up to any respective policy limits, under the subject builders' risk insurance policy." *Id*. at ¶ 29. Thus, like in *John M. Floyd & Assocs.*, Plaintiff's declaratory judgment action "is not seeking to establish anything that the breach of contract claim will not address."  2019 WL 1755968, at *4. Dismissal of Plaintiff's duplicative claim for declaratory relief is therefore appropriate.

**IV.     CONCLUSION**

For the reasons established above, Defendants respectfully request that this Court:

A.      Dismiss all claims against Liberty Mutual Insurance Company;

B.      Dismiss Count I of the Complaint seeking declaratory relief; and

C.      Grant such other and further relief as justice requires.


Dated: March 7, 2023                               Respectfully Submitted,



/s/ *George E. Reede, Jr.*
George E. Reede (#08220)
Jessica E. Port (#19728)
ZELLE, LLP
1775 Pennsylvania Ave, NW, Suite 375
Washington, DC, 20006
(202) 899-1400 phone
greede@zellelaw.com
jport@zellelaw.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of March 2023, that a true and accurate copy of the foregoing was electronically served on counsel in this matter pursuant to Fed. R. Civ. P. 5(a) and Local Rule 102(1)(c).

/s/ *George E. Reede, Jr.*
George E. Reede, Jr.